Elias William Yuste

MAY 10 2024

Clerk, U.S. Courts
District of Montana
Helena Division

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| State of Montana<br>Plaintiff | Case NO. DC-7-2023-003 |
| VS | MOTION FOR WRIT OF HABEUS<br>CORPUS UNDER 28-USC-2254 |
| ELIAS WILLIAM YUSTE<br>Defendant | |

COMES NOW, DEFENDANT Elias William Yuste, PRO SE, In necessity hereby moves this court for an order granting him a writ of habeus corpus dismissing the charges of: Sexual Intercourse Without Consent, in violation of MCA 45-5-503(1), (count 1); and Partner or Family Member Assault, in violation of MCA 45-5-206(1), (count 2).

## I. JURISDICTION

28 USC § 2254(a) states: (The Supreme Court, a justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeus corpus in behalf of a person in custody pursuant to the judgement of a State

1

Court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. Mr. Yuste ayers that he is being held illegally by the State of Montana in violation of the speedy trial act 18 USC § 3161, the sixth amendment to the U.S. Constitution, and MT. CONST. Art II § 24. Mr. Yuste ayers that the State remedies are ineffective to protect his speedy trial rights. Mr. Yuste will herein describe the details of these violations in the paragraphs to follow

## II PROCEDURAL HISTORY

1. Mr Yuste was charged with count 2 originally on 2/19/22
2. While sitting in CCJ, he was then charged with count 1
3. On 1/6/23 Mr. Yuste was appointed Michael Vincent Kuntz to represent him on these matters. Mr. Kuntz did not mention to Mr. Yuste of his speedy trial rights at all
4. Mr. Yuste has attempted to demand a speedy trial by contacting Mr. Kuntz via telephone and letters to no avail. Because there is no photocopy machine available at CCJ he is unable to produce true and correct copies

## III LAW & ARGUEMENT

The State of Montana articulated the speedy trial test used and U.S. Supreme Court Case Barker vs Wingo, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 101 (1972). A criminal

2

defendant's right to a speedy trial is guaranteed by the 6th and 14th amendments to the U.S. Const. and by art. II § 24 of the MT Const., as found in Klopfer vs North Carolina, 386 U.S. 213, 222-226, 87 S. Ct. 988, 993-995, 18 L. Ed. 2D 1 (1967); MT Const. art 2 § 24.

The court adopted a balancing test to be used on an ad hoc basis. The four factors are (1) The length of delay, (2) The reason for the delay, (3) The defendants assertion to the right to a speedy trial, and (4) The prejudice to the defendant as a result of the delay as found in Barker, Supra.

Articulating these factors Mr. Yuste states that since no motions were filed, the speedy trial clock did not restart, furthermore, this delay is uncommonly long and drawn out and the government is to blame for the delay.

The court is to consider the date of the accusation as the starting point. If there are no motions filed for resetting this date 12/19/22 totaling 468 days. This means that under the factors laid out in City of Billings, — vs Bruce, 1998 MT 186, 290 Mont. 148, 965 P. 2D 586 (1998), the requisite 275 days have passed without the State giving adequate reasons for the delay. Thus, the rebuttable presumption of prejudice mandates the conclusion that Mr. Yuste has been prejudiced by the delay.

Mr. Yuste has demanded a speedy trial by and through his attorney. The only recourse Mr. Yuste has to enforce his speedy trial rights would be to represent himself which he cannot be forced to do.

3

This leaves him without remedy.

The 200 days layed out in verse gives the necessary time, Mr. Yuste has more than double that time. This also satisfies the time requirement found under the Mont. State Const. as well as the U.S. Const. Significance of the 200 day factor is two fold: First, the presumption that pre-trial delay has prejudiced the accused intensifies over time. Second, the State's burden under Factor 2 to justify the delay likewise increases by the length of the delay. Secondly, because the defendant has no duty to bring himself to trial, the State does, the delay is attributable to them. And being that they are society's representatives and protect their interests therefore they should bring speedy prosecutions.

Finally, Mr. Yuste avers that this delay is being brought in bad faith by the prosecution as the case is not complex, the dockets are not full and the courts not understaffed, and the prosecutor can easily contact the victims in the case. The conditions of encarceration have aggrivated the anxiety and concern that results from being accused of this type of crime and the public scorn and damage to the reputation, loss of income, loss of work, associates, and the inability to affectively prepare for trial all weigh heavily in Mr. Yuste's favor.

## IV CONCLUSION

Because 468 days have passed, and there have been no interviening circumstances has caused him ireparable

4

damage to his speedy trial rights, his only remedy is for this court to grant the requested relief.
Executed on the Thirty-First of March 2024.
respectively submitted,

By [signature]

Elias William Yuste
Petitioner
pro se